**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| TREVOR JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1000-TLS-JEM |

**OPINION AND ORDER**

Trevor Johnson, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for domestic battery and resisting law enforcement under Case No. 20D01-2304-F5-87.[1] Following a jury trial, on August 2, 2023, the Elkhart Superior Court sentenced him as a habitual offender to eight and a half years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The court first considers whether the petition is timely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

[1] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the State court docket, the Elkhart Superior Court sentenced him on August 2, 2023, and Johnson did not pursue a direct appeal. Consequently, the federal limitations period started running when the time to file a notice of appeal expired on September 1, 2023. *See* Ind. R. App. 9(A)(1) (stating notice of appeal must be filed within 30 days of judgment). The federal limitations period expired one year later on September 1, 2024. On July 7, 2026, Johnson initiated this case by filing a habeas petition. ECF 1. Because Johnson filed the petition nearly two years too late, the court finds that the petition is untimely.

Johnson also asserts that he is actually innocent of the crimes of his conviction. A habeas petitioner can overcome untimeliness by establishing that the court's refusal to consider an untimely claim would result in a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[P]risoners asserting innocence as a gateway to defaulted

claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). In this context, the court may consider evidence only if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). Actual innocence in the context of federal habeas law "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Though Johnson alleges his factual innocence, he has not provided or identified any new evidence to support these allegations as contemplated by *Gladney*. Consequently, his assertion of actual innocence is insufficient to excuse the untimely nature of his petition. Because Johnson asserts no valid excuse to the untimely nature of the petition, the court is inclined to dismiss the petition as untimely. Nevertheless, out of an abundance of caution, the court will allow Johnson an opportunity to address the concerns set forth in this order rather than immediately denying the habeas petition.

As a final matter, Johnson filed a motion for leave to proceed in forma pauperis. ECF 2. However, he did not demonstrate his inability to pay the filing fee with his prison account summary for the last six months. Therefore, the court denies this motion without prejudice to refile a properly supported motion. To proceed with this case, Johnson must resolve his filing fee status by either paying the filing fee in full or by filing a motion for leave to proceed in forma pauperis with his prison account summary for the last six months attached.

For these reasons, the court:

(1) DENIES the motion for leave to proceed in forma pauperis (ECF 2);

(2) ORDERS Trevor Johnson to file a response to this Order and to resolve his filing fee status by October 8, 2026; and

(3) CAUTIONS Trevor Johnson that, if he does not respond by this deadline, the court will dismiss this case without further notice.

SO ORDERED on September 14, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT